IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM HAYES WYTTENBACH,<br><br>Plaintiff,<br><br>v.<br><br>RANITA M. PARRISH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-cv-0968-CW<br><br>Judge Clark Waddoups |

Plaintiff William Hayes Wyttenbach brings this suit against his former domestic partner, Defendant Ranita M. Parrish, alleging that she is in breach of the Mediated Settlement Agreement the parties agreed to following the dissolution of their domestic relationship.  (Dkt. No. 1.)  Plaintiff alleges that Defendant has failed to comply with provisions of the agreement relating to his paternal rights, and that this failure constitutes a breach of the parties' contractual agreement.  (Dkt. No. 1, 9.)

Before the court is Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  (Dkt. No. 2.)  Defendant argues that this case falls under the jurisdictional exception created by *Ankenbrandt v. Richards*, 504 U.S. 689, 690 (1992).  Indeed, the Supreme Court stated that "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703.  Plaintiff argues that because this is a breach of contract claim, *Ankenbrandt* is inapposite.  (Dkt. No. 9, 3-4.)  Plaintiff's argument is of no moment.

It is undisputed that Texas law governs the Mediated Settlement Agreement.  (Compl., 4.)  And, because contract law is within the purview of each state, Texas law therefore governs all aspects of this suit.  In looking to Texas law for guidance, *Tex. Fam. Code Ann.* §§ 153.001(c) states: "Terms of the agreed parenting plan contained in the order or incorporated by reference regarding conservatorship or support of or access to a child in an order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract."[1]  Therefore, the Mediated Settlement Agreement cannot be considered an enforceable contract insofar as it relates to the parenting plan of the parties' children.  Accordingly, Plaintiff has no breach of contract claim.  Because Plaintiff has failed to demonstrate other grounds upon which the court could find that the *Akenbrandt* exception to this court's jurisdiction should not apply, the court finds that its subject matter jurisdiction is lacking.[2]  Defendant's motion to dismiss is GRANTED.  (Dkt. No. 2.)  The following motions are also DENIED as moot:  Dkt. Nos. 12, 21, 24, 32, and 36.

DATED this 23rd day of April, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

---

[1] Defendant further argues that the Mediated Settlement Agreement merged into a final order in Texas court. (Dkt. No. 13, 3.)  Regardless, such an order still fails to constitute a contract by which Plaintiff's complaint may survive.

[2] Because the court finds that subject matter jurisdiction is lacking, Defendant's other arguments are moot.